**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| YI TAI SHAO, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 18-1233 (RC) |
| | : | | |
| v. | : | Re Document No.: | 19, 42 |
| | : | | |
| CHIEF JUSTICE JOHN G. ROBERTS, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

**DENYING PLAINTIFF'S MOTION TO DISQUALIFY JUDGE AND TO TRANSFER VENUE; DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS; DENYING PLAINTIFF'S MOTION TO VACATE GRANT OF LEAVE TO APPEAR *PRO HAC VICE***

**I.  INTRODUCTION**

Plaintiff Yi Tai Shao filed this action against more than one hundred defendants, including eight Supreme Court Justices; the U.S House Judiciary Committee; the U.S. Senate Judiciary Committee; YouTube, Inc.; Google, Inc.; and now, this judge. Ms. Shao seeks monetary and injunctive relief for an alleged conspiracy between all Defendants arising out of a previous child custody judgment against her. Now before the Court is Ms. Shao's motion to disqualify Judge Contreras, presiding, and to transfer venue, as well as her motion to vacate the Court's grant of leave to appear *pro hac vice* and her motion to stay these proceedings pending the resolution of her motion to disqualify. For the reasons set forth below, the Court denies the motion to disqualify and transfer, denies the motion to stay, and denies the motion to vacate the Court's grant of leave to appear *pro hac vice*.[1]

---

[1] Of course, Ms. Shao is free to voluntarily dismiss this case and refile it wherever she believes it is properly venued.

## II.  FACTUAL BACKGROUND

Ms. Shao's complaint alleges a conspiracy between more than one hundred Defendants who purportedly continue to deprive her of custody of her child. *See generally* Compl., ECF No. 1. After losing her child custody case in California state court, Ms. Shao sued her attorneys, James McManis and Michael Reedy, alleging that they worked against her interests to protect the judge who entered the final order against her. *Id.* ¶ 6. Ms. Shao claims that her attempts to appeal her cases to higher courts, including the United States Supreme Court, have been stymied due to foul play among countless judges, her former attorneys, Google, YouTube, and various other Defendants. *See generally* Compl. She further alleges that Mr. McManis and Mr. Reedy used their relationships with the court to shield themselves from malpractice liability. *Id.* ¶¶ 6–7. Ms. Shao advances her allegations of the conspiracy based on several Defendants' membership in the American Inns of Court, a social and professional legal organization. *Id.* According to Ms. Shao, the Defendants each have a financial interest in the American Inns of Court. *Id.* Ms. Shao further alleges that Chief Justice John Roberts, along with seven other Supreme Court Justices, conspired to obstruct justice when they denied several of her writs of certiorari. *Id.* ¶ 12. She has also sued dozens of California state court judges and state judicial employees for violations of her constitutional rights. *Id.* at 3.

Ms. Shao has now added the judge presiding over this case as a defendant in her First Amended Complaint and seeks to disqualify him. *See* Pl.'s Mot. Disqualify, ECF No. 19; Am. Compl., ECF No. 16.[2] Ms. Shao alleges that several clerical "irregularities" on the case's docket create an appearance of partiality in favor of Chief Justice Roberts. *See generally* Pl.'s Mot. to

---

[2] Ms. Shao's claims against Judge Contreras in her amended complaint essentially mirror her argument for disqualification.

2

Disqualify. In particular, Ms. Shao alleges that this judge and his case administrator Jackie Francis, at the direction of Chief Justice Roberts, engaged in purposeful and willful attempts to conceal and delay the filing of her complaint, engaged in false docketing, deterred the proceedings, obstructed justice, delayed the issuance of summonses, and added false dates to several issued summonses. *Id.* at 3–6. Ms. Shao also alleges that this judge failed to disclose his relationship with Chief Justice Roberts. *Id.* at 6. According to Ms. Shao, Chief Justice Roberts's appointment of Judge Contreras to the Foreign Intelligence Surveillance Court ("FISC") creates an appearance of partiality. *Id.* at 6–9. Further, Ms. Shao alleges that this judge used his position on the FISC to hack into her computer while she drafted her opposition to the California Judicial Defendants' motions for leave to appear *pro hac vice*. Pl.'s 2d Supp. Mot. Disqualify at 6, ECF No. 32.[3] She also alleges that this judge "rushed night time orders" for the California Judicial Defendants because the Court granted their motions for leave to appear *pro hac vice* at 7:13 p.m. in the evening. *Id.* at 6. Ms. Shao urges the Court to disqualify the entire District of Columbia Circuit, the Third Circuit, and the U.S. District Courts in Delaware, Pennsylvania, Virginia, and New Jersey, and to transfer her underlying case to a federal court in New York. *See* Pl.'s Mot. Disqualify at 16–18. Finally, Ms. Shao moves the Court to stay these proceedings pending a decision on her motion to disqualify and to vacate the granting of the two motions for leave to appear *pro hac vice* in this case. *See* Mot. Stay, ECF No. 42. For the reasons explained below, the Court denies Ms. Shao's motions to disqualify and transfer venue and denies her motion to stay these proceedings. The Court further denies her motion to reconsider its grant of leave to appear *pro hac vice* in this case.

---

[3] Ms. Shao withdrew her second supplement to her motion to disqualify Judge Contreras on July 31, 2018. *See* July 31, 2018 Docket Entry.

3

### III.  ANALYSIS

### A.  Motion to Disqualify

Ms. Shao moves for this Court's disqualification on grounds of partiality, 28 U.S.C. § 455(a); personal bias or prejudice, *id.* § 455(b)(1); and because this judge and his civil case administrator are now defendants in this matter, *id.* § 455(b)(5)(i).[4] The Court addresses each basis for Ms. Shao's request in turn and finds that Ms. Shao has failed to show any objective appearance of partiality, actual bias or prejudice, or that this judge has personal knowledge of disputed evidentiary facts. The Court also finds that Ms. Shao's amendment to add this judge as a party provides no basis for recusal.

A judge is required to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The Court's analysis under § 455(a) requires it to objectively analyze whether a "reasonable and informed observer would question the judge's impartiality." *United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001). "The very purpose of § 455(a) is to promote [public] confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Id.* (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988)). Thus, "the mere appearance of bias is sufficient to mandate recusal—whether there is actual bias is irrelevant." *Philip Morris USA, Inc. v. United States FDA*, 156 F. Supp. 3d 36, 49 (D.D.C. 2016).

When deciding whether to recuse himself, this judge must "take the perspective of a fully informed third-party observer who 'understand[s] all the relevant facts' and has 'examined the record and the law.'" *Id.* (quoting *United States v. Cordova*, 806 F.3d 1085, 1092 (D.C. Cir.

---

[4] Ms. Shao does not specifically invoke § 455(b)(5)(i), but she does argue that this judge must recuse himself because she added him as a defendant to this action. Pl.'s Mot. to Disqualify at 16.

2015)). "[I]mportantly '[a] reasonable observer must assume that judges are ordinarily capable of setting aside their own interests and adhering to their sworn duties to faithfully and impartially discharge and perform all the duties incumbent upon them.'" *Id.* (quoting *Armenian Assembly of America, Inc. v. Cafesjian*, 783 F. Supp. 2d 78, 91 (D.D.C. 2011)). Accordingly, "a judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Liteky v. United States*, 510 U.S. 540, 558 (1994) (Kennedy, J., concurring).

Section 455(b)(1) provides that a judge must recuse himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C.S. § 455(b)(1). However, unlike the objective standard under § 455(a), which analyzes whether there exists a mere appearance of partiality, recusal under § 455(b)(1) requires the movant to "demonstrate *actual* bias or prejudice based upon an extrajudicial source." *Cobell v. Norton*, 237 F. Supp. 2d 71, 98 (D.D.C. 2003) (emphasis added). The movant must provide "evidence of the judge's extrajudicial conduct or statements that are plainly inconsistent with his responsibilities as an impartial decisionmaker." *Cobell v. Norton*, 310 F. Supp. 2d 102, 120–21 (D.D.C. 2004). "A judge's comments on a case are deemed to be extrajudicial only if they have some basis other than what the judge learned from his participation in the case." *United States v. Barry*, 961 F.2d 260, 263 (D.C. Cir. 1992) (internal quotations and citation omitted). The movant must also prove that this bias or prejudice "result[ed] in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).

Moreover, § 455(b)(5)(i) provides for a judge's disqualification if he is a party to the proceeding. 28 U.S.C. § 455(b)(5)(i). However, § 455(b)(5)(i) does not require automatic

disqualification. *Rodriguez v. Nat'l Ctr. for Missing & Exploited Children*, No. 03-120, 2005 U.S. Dist. LEXIS 5658, at *52 (D.D.C. Mar. 31, 2005). A judge may decline to recuse himself to "prevent plaintiffs from 'judge-shopping'" unless there is a legitimate basis for suing him. *Id.* at *52–53 (citation omitted). "For a judge to be disqualified simply because the plaintiff has sued the judge would be to allow the plaintiff to manipulate the identity of the decision-maker." *Id.* (quoting 32 Am. Jur. 2d Federal Courts § 149).

Ms. Shao urges the Court's recusal based on an alleged conspiracy between countless Defendants in this matter including this judge and the Chief Justice of the United States. Ms. Shao advances the following allegations in support of her motion to disqualify this Court, the D.C. Circuit altogether, and multiple other circuits and districts courts:

(1) This Court engaged in false docketing, filing delays, deterrence of proceedings, obstruction of justice, and concealment of her initial complaint;

(2) The omission of Chief Justice Roberts's name in the short form of the case name shows that these actions were purposeful and willful, and that this judge has a personal bias;

(3) This judge's civil filing clerk withheld the issuance of summonses for twenty-three days and entered false dates on certain summonses;

(4) The District Court Clerk's Office did not deny the allegation that this Court directed these "irregularities";

(5) Chief Justice Roberts's appointment of this judge to the FISC creates an appearance of partiality;

(6) This judge's failure to disclose his relationship, based on his FISC appointment, with Chief Justice Roberts further creates an appearance of partiality;

(7) Chief Justice Roberts has a personal relationship with Mr. McManis and directed this judge to delay the issuance of Mr. McManis's summons;

(8) This judge returned to the courthouse after-hours to expedite the disposition of several Defendants' motions to appear *pro hac vice*;

(9) This judge used his position on the FISC to hack Ms. Shao's computer and learn that she was preparing to file her oppositions to the *pro hac vice* motions immediately before he granted them;

(10) This judge should also disqualify the entire D.C. Circuit, the Third Circuit, and the U.S. District Courts in Delaware, Pennsylvania, Virginia, and New Jersey because he has connections in each of those jurisdictions;

(11) This judge should transfer the underlying case to New York because it is the only jurisdiction where Ms. Shao will have a fair trial.

*See* Pl.'s Mot. to Disqualify at 3–9, 16; Pl.'s 2d Supp. Mot. to Disqualify at 4–8.

None of Ms. Shao's allegations mandate recusal. It is well-settled that a judge's appointment to the bench does not create an appearance of partiality under § 455(a). *See*, *e.g.*, *Klayman v. Judicial Watch, Inc.*, 628 F. Supp. 2d 98, 111 (D.D.C. 2009) ("[C]ourts have held that recusal [under § 455(a)] is not warranted even when the President responsible for nominating the judge is actually a ***party*** to the litigation." (emphasis in original)); *Reddy v. O'Connor*, 520 F. Supp. 2d 124, 128 (D.D.C. 2007) (concluding that "no reasonable and informed observer would question the impartiality of the [judge] based on the Chief Justice's appointment of the [judge] to the FISC."). Accordingly, this judge declines to recuse himself based on Ms. Shao's allegation that Chief Justice Robert's appointment of him to the FISC creates an appearance of partiality.

Furthermore, this Circuit and countless others have established that a judge is not required to recuse himself where the movant alleges a judicial conspiracy but offers "no facts that would fairly convince a sane and reasonable mind to question this Court's impartiality." *Walsh v. Comey*, 110 F. Supp. 3d 73, 77 (D.D.C. 2015); *see*, *e.g.*, *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976) (holding that plaintiff's accusations of judicial bribery, conspiracy, and obstruction of justice were insufficient to warrant recusal). Ms. Shao provides only bald allegations of a conspiracy between this judge and Chief Justice Roberts. She alleges that this Court has engaged in dilatory tactics at the command of Chief Justice Roberts but provides no factual matter to form a basis for these allegations. *See Karim-Panahi v. U. S. Cong.*, 105 F. App'x 270, 275 (D.C. Cir. 2004) (holding that bald allegations of bias and prejudice are insufficient to mandate judicial disqualification under § 455(a)). The Court finds that Ms. Shao's accusations that Chief Justice Roberts directed this judge to "purge" evidence from the court docket, and that this judge "manipulated" the Clerk's Office to delay these proceedings would not cause a reasonable person to question this judge's impartiality. *See* Pl.'s Mot. Disqualify at 1–4, 15–16. Further, the Court finds that Ms. Shao's assertion that the Clerk's Office did not deny Ms. Shao's allegations does not provide evidence of an underlying conspiracy.

Ms. Shao's request also fails under § 455(b)(1) because she provides no evidence of *actual* bias or prejudice, nor does she provide any evidence that shows that this judge has any personal knowledge of disputed evidentiary facts. As explained above, Ms. Shao bases her allegations on a purely speculative conspiracy. *See United States v. Microsoft Corp.*, 253 F.3d at 108 (noting that a motion to disqualify a judge "supported only by rumor, speculation, or innuendo . . . is also a means to tarnish the reputation of a federal judge"). She provides no evidence that shows that this Court obtained facts from any extrajudicial source. Ms. Shao's

argument is riddled with conspiracy theories based on the "irregular" timing of the issuance of her summonses and apparent clerical discrepancies between the court documents and her communications with the Clerk of Court. These allegations do not show actual personal bias or prejudice, nor do they show that this judge has any personal knowledge of disputed facts underlying Ms. Shao's original action.

Furthermore, Ms. Shao's assertion that this judge must recuse himself under § 455(b)(5)(i) because she named him and a civil case administrator as defendants in her amended complaint is misguided. This judge declines to recuse himself because Ms. Shao's amendment is very clearly an attempt at judge-shopping. Ms. Shao's amended complaint mirrors her original complaint in substance but adds this judge as a defendant and asserts similar claims against him as in her motion to disqualify. *See Rodriguez v. Nat'l Ctr. for Missing & Exploited Children*, 2005 U.S. Dist. LEXIS 5658, at *54–55 (denying plaintiffs' motion to disqualify under § 455(b)(5)(i) because their amended complaint, which added the judge and the United States District Court for the District of Columbia, among others, as defendants and mirrored the original complaint in substance, was "merely [a] transparent attempt[] to judge-shop and forum-shop."); *compare* Compl., ECF No. 1 *with* Am. Compl., ECF No. 16. Ms. Shao attempts to hide her efforts to forum-shop and judge-shop behind a veil of claims against this judge which are themselves based on conclusory allegations of a conspiracy between this Court and Chief Justice Roberts. While courts in the District of Columbia have rarely addressed this specific issue, other circuits have made clear that disqualification is patently unwarranted in these circumstances. *See*, *e.g.*, *Gabor v. Seligmann*, 222 F. App'x 577, 578 (9th Cir. 2007) (affirming a district court judge's decision to deny recusal because the main thrust of plaintiffs' amendment to name the judge as a defendant was to redress their dissatisfaction with his rulings); *Davis v. Kvalheim*, 261

F. App'x 231, 233–34 (11th Cir. 2008) (upholding a district court judge's decision to deny plaintiff's request for disqualification because the plaintiff frivolously accused the judge of conspiring to violate his rights and used "the court to 'intimidate and heckle those he imagine[d] ha[d] done him wrong, rather than as a forum for the redress of legitimate grievances.'"); *Bruzzone v. Intel Corp.*, No. 16-80233, 2016 U.S. Dist. LEXIS 170926, at *3–7 (N.D. Cal. Dec. 9, 2016) (declining recusal where plaintiff alleged that the judge and countless federal and state court judges engaged in a fraudulent scheme against him).

Ms. Shao also requests that this Court disqualify the D.C. Circuit, the Third Circuit, and the U.S. District Courts in Delaware, Pennsylvania, Virginia, and New Jersey because Judge Contreras has professional and personal ties to those jurisdictions. Ms. Shao relies on *United States v. Jordan*, 49 F.3d 152 (5th Cir. 1995), to support her assertion that this Court *must* disqualify the entire D.C. Circuit. *Id.* at 160 n.18. However, she disregards the language in the precise footnote she quotes which explicitly rejects the assertion that "disqualification of one judge disqualifies all the judges of that district." *Id*. Ms. Shao's decision to disregard that language in the very first sentence of the footnote further demonstrates that her motion to disqualify is only an attempt to choose the decisionmaker.

For the foregoing reasons, this Court holds that Ms. Shao's conspiratorial allegations are insufficient to warrant recusal or to transfer her case to New York. Her request is an attempt to judge-shop and a vehicle to express her dissatisfaction with the timeliness of this action. Ms. Shao therefore fails to meet the requisite standard for judicial disqualification and the Court denies her motion to disqualify Judge Contreras and transfer venue.

### B. Motion to Stay and Vacate Grants of Leave to Appear *Pro Hac Vice*

Ms. Shao has also moved to stay these proceedings pending the resolution of her motion to disqualify Judge Contreras and to vacate the Court's grant of leave for two of the California Judicial Defendants' attorneys to appear *pro hac vice* in this case. *See* Mot. Stay, ECF No. 42 (invoking 28 U.S.C. § 144). However, because Ms. Shao's motion pursuant to § 144 was procedurally defective, her motion is denied. Additionally, because Ms. Shao has failed to demonstrate that the Court's orders granting the California Judicial Defendants' attorneys leave to appear *pro hac vice* in this case was erroneously granted, her motion to vacate those orders is also denied.

Section 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. "Though the language of Section 144 appears to indicate otherwise, submitting an affidavit to the Court under this provision does not yield automatic recusal of the judge on the matter." *Williams v. New York City Housing Auth.*, 287 F. Supp. 2d 247, 248 (S.D.N.Y 2003) (citing 13A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3551 (2003)). For example, if the motion or its accompanying affidavit are procedurally deficient, the district court judge against whom the motion was filed may deny it him or herself. *See, e.g.*, 733 *Sataki v. Broadcasting Bd. of Govs.*, F. Supp. 2d 54 (D.D.C. 2010). The statute provides that a "sufficient affidavit" "shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." 28

U.S.C. § 144. The statute further requires that such affidavit "shall be accompanied by a certificate of counsel of record stating that it is made in good faith." *Id.*

Ms. Shao's motion to stay these proceedings pursuant to 28 U.S.C. § 144 does contain a supporting affidavit in which Ms. Shao declares that "the foregoing statements are true to the best of [her] knowledge and/or logical inference." Mot. Stay at 24. However, the affidavit is not "accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144. "The certification requirement is not simply a pro forma procedural obligation but is key to the integrity of the recusal process." *Sataki*, 733 F. Supp. 2d at 60. Because, when evaluating a motion and affidavit pursuant to § 144, "the Court must accept as true all factual allegations asserted in the affidavit, even if the Court knows such allegations to be untrue, the certification requirement is essential to 'guard against the removal of an unbiased judge through the filing of a false affidavit.'" *Id.* (quoting *S.E.C. v. Loving Spirit Found. Inc.*, 392 F.3d 486 (D.C. Cir. 2004)). Accordingly, "failure to make this certification is grounds for denying the motion." *United States v. Miller*, 355 F. Supp. 2d 404, 406 (D.D.C. 2005).

Courts have found that a party's *pro se* status does not excuse their failure to file an attorney certification in support of their § 144 motion and affidavit. *See Robinson v. Gregory*, 929 F. Supp. 334, 337 (S.D. Ind. 1996) ("Although a *pro se* litigant ordinarily may take the same action on his or her own behalf that an attorney could, that approach should not apply to the requirements of Section 144."); *Williams*, 287 F. Supp. 2d at 249 ("Williams's affidavit, which is submitted *pro se* and without a certificate of counsel of record, fails on this threshold matter."); *Kersh v. Borden Chem.*, 689 F. Supp. 1457, 1460 (E.D. Mich. 1998) ("Moreover, the *pro se* status of a Plaintiff, who seeks to disqualify a party or a judge, does not excuse his failure to file the certificate of good faith."). Therefore, although Ms. Shao is representing herself in this

matter, because Ms. Shao has failed to file such a certificate, her motion is denied. Additionally, because Ms. Shao has provided no evidence of any actual conflict of interest regarding the California Judicial Defendants' attorneys in this case, nor has she demonstrated that their motions for leave to appear *pro hac vice* were deficient under Local Civil Rule 83.2, *see* Mot. Stay at 21–24, her motion to vacate the Court's grant of leave to appear *pro hac vice* is denied.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to disqualify and transfer venue (ECF No. 19) is **DENIED**. Additionally, her motion to stay these proceedings (ECF No. 42) is **DENIED**, and her motion to vacate the Court's grant of leave to appear *pro hac vice* (ECF No. 42) is **DENIED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: August 8, 2018                                                         RUDOLPH CONTRERAS
                                                   United States District Judge