UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| YI TAI SHAO, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 18-1233 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 161, 165 |
| | : | | |
| JOHN G. ROBERTS, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT AND TO CHANGE VENUE AND DENYING PLAINTIFF'S MOTION TO STRIKE AND FOR SANCTIONS

## I. INTRODUCTION

Plaintiff Yi Tai Shao brought this suit alleging a far-reaching conspiracy against her in connection with a California child custody case dating back to 2005. In previous opinions, this Court has denied Shao's motions to change venue and dismissed her complaint. *See Shao v. Roberts*, No. 18-cv-1233, 2019 WL 249855 (D.D.C. Jan. 17, 2019); *Shao v. Roberts*, No. 18-cv-1233 (D.D.C. Aug. 8, 2018), ECF No. 48. The D.C. Circuit affirmed the dismissal. *See Shao v. Roberts*, No. 19-5014, 2019 WL 11340269, at *1–2 (D.C. Cir. Nov. 13, 2019) (per curiam). Neither did the Supreme Court disturb it. *Shao v. Roberts*, 141 S. Ct. 951 (2020) (mem.).[1]

Undaunted, Shao files two new motions to continue litigating her frivolous suit: a motion to vacate the dismissal and change venue and a motion to strike Defendants' opposition to her other motion and for Rule 11 sanctions. *See* Mem. P. & A. Supp. Pl.'s Mot. Vacate and Mot. Change Venue ("Pl.'s Mot. Vacate and Change Venue"), ECF No. 161-1; Pl.'s Objection and

---

[1] For a review of the facts of Shao's case, see *Shao*, 2019 WL 249855, at *1–2.

Mot. Strike Defs.' Tardy Opp'n and Request for Sanctions ("Pl.'s Mot. Strike and Sanctions"), ECF No. 165. The Court denies her motions.

## II. ANALYSIS

### A. Motion to Strike and for Sanctions

The Court first turns to Shao's motion to strike and for sanctions. Shao asks the Court to strike Defendants' opposition to her motion to vacate and change venue because Defendants filed it late and failed to serve it on all parties. Pl.'s Mot. Strike and Sanctions at 1, 11–12. She also seeks financial sanctions against Defendants' attorneys because they filed the opposition late and made "frivolous" statements in it. *Id.* at 3–4, 13.

The Court disagrees that Shao's grievances warrant striking a filing and imposing sanctions. For one thing, there is no evidence that Defendants failed to serve their opposition on all parties. Shao provides no support for her assertion that the opposition "was not served upon" three defendants because they are "not on CM/ECF." *See id.* at 1. And Defendants say that they served those defendants via mail. Defs.' Opp'n Pl.'s Mot. Strike and Sanctions at 2, ECF No. 167. In addition, when "an action involves an unusually large number of defendants," a court can order that the "defendants' pleadings and replies to them need not be served on other defendants." Fed. R. Civ. P. 5(c)(1)(A). This case, in which Shao names over 100 defendants, certainly qualifies as an action involving "an unusually large number of defendants." So even if Defendants neglected to serve their opposition on the three defendants Shao names in her motion, the Court would excuse that error.

For another thing, Shao has not demonstrated that Defendants' attorneys made "frivolous" statements in the opposition. She alludes to Rule 11, which permits a court to sanction an attorney or party who (among other things) presents the court with frivolous legal

contentions or unsupported factual assertions.  *See* Fed. R. Civ. P. 11(b)(2)–(3), (c)(1); *see also* Pl.'s Mot. Strike and Sanctions at 1–2.  The only supposedly frivolous statement Shao cites from Defendants' opposition is this one: "Plaintiff had her opportunity for her claims to be considered at every level of the federal court system and each court found her claims to lack merit."  Pl.'s Mot. Strike and Sanctions at 3 (quoting Defs.' Opp'n Pl.'s Mot. Vacate and Change Venue at 1, ECF No. 164).  But that statement is true.  As the Court related at the outset of this opinion, the D.C. Circuit affirmed this Court's dismissal of Shao's complaint and the Supreme Court also declined to disturb it.  Shao's "conclusory and unsupported allegations of misconduct do not come close to supporting the award of sanctions."  *See Pilkin v. Hogan Lovells US LLP*, No. 17-cv-2501, 2021 WL 950082, at *7 (D.D.C. Mar. 12, 2021).  Moreover, Shao did not comply with the requirement that a motion for sanctions be filed on the opposing party at least 21 days before submitting it to the court to give the party a chance to correct the challenged filing.  *See* Fed. R. Civ. P. 11(c)(2).  *Compare* Defs.' Opp'n Pl.'s Mot. Vacate and Change Venue (filed June 4, 2021), *with* Pl.'s Mot. Strike and Sanctions (filed June 7, 2021).

Shao's last ground for striking the opposition and for sanctions at least has some basis in fact: Defendants' opposition was tardy.  Under Local Civil Rule 7(b), an opposing party usually must file its opposition to a motion within 14 days of the motion's date of service.  Defendants waited over a month to file their opposition to Plaintiff's motion.  *Compare* Pl.'s Mot. Vacate and Change Venue (filed April 29, 2021), *with* Defs.' Opp'n Pl.'s Mot. Vacate and Change Venue (filed June 4, 2021).  But although Local Civil Rule 7(b) states that a court faced with an untimely opposition "may treat the motion as conceded," it does not require the court to do so.  *See Strickland v. Buttigieg*, No. 20-cv-1890, 2021 WL 3207041, at *1 (D.D.C. July 29, 2021) (declining to treat unopposed motion as conceded under Rule 7(b)).  Shao does not explain how

3

Defendants' late filing prejudiced her or impacted judicial proceedings in this already-resolved case. *Cf. Jones v. Quintana*, No. 08-cv-00620, 2013 WL 12382261, at *1–2 (D.D.C. Feb. 4, 2013) (denying motion to strike opposition to summary judgment motion when the defendants failed to show that they would suffer prejudice from the tardy filing even though the plaintiff's reasons for filing late were weak). The Court does not believe that Defendants' tardiness warrants striking their opposition or sanctioning their attorneys, so it will excuse the missed deadline. Despite Defendants' low opinion of Shao's case, however, they should still respect this Court and submit any filings on time.

Shao's motion to strike and for sanctions is denied.

### B. Motion to Vacate Judgment and Change Venue

Shao moves under Federal Rule of Civil Procedure 60 to vacate this Court's orders refusing to transfer her case and dismissing her complaint. *See* Pl.'s Mot. Vacate and Change Venue. She says that the Court should reopen her case on account of fraud, the fact that the Court's judgment is void, and extraordinary circumstances. *See generally id.*; *see also* Fed. R. Civ. P. 60(b)(3)–(4), (6).[2] To support her request, she reiterates her complaints about the undersigned judge and attacks various aspects of how the D.C. Circuit and Supreme Court handled her appeal. *See generally* Pl.'s Mot. Vacate and Change Venue.

First, Shao has not supported her claims of fraud with the "clear and convincing evidence" that Rule 60(b)(3) requires. *See People for the Ethical Treatment of Animals v. U.S.*

---

[2] Shao repeatedly refers to "new evidence" of fraud that supposedly justifies reopening her case. *See, e.g.*, Pl.'s Mot. Vacate and Change Venue at 5, 11. Although Rule 60(b)(2) permits setting aside a judgment for "newly discovered evidence," Shao never cites that specific provision. Instead, she points to "new evidence"—consisting largely of procedural details of her appeal—to support her allegations of fraud. Accordingly, the Court does not examine Rule 60(b)(2)'s application.

4

*Dep't of Health & Hum. Servs.*, 226 F. Supp. 3d 39, 55 (D.D.C. 2017) (quoting *Shepard v. Am. Broad. Companies, Inc.*, 62 F.3d 1469, 1477 (D.C. Cir. 1995), *aff'd*, 901 F.3d 343 (D.C. Cir. 2018). All she does is ascribe malign motives to judges based on innocuous factual details and speculation. But "unsubstantiated, conclusory accusations that the defendants have lied throughout the various stages of this litigation" cannot substitute for the "actual evidence" needed to prove a "claim of fraud." *See Green v. Am. Fed'n of Lab. & Cong. of Indus. Orgs.*, 811 F. Supp. 2d 250, 254 (D.D.C. 2011). The Court will not entertain her latest attempt to prolong this litigation and waste judicial resources with a deluge of baseless allegations.

Second, Shao has not demonstrated that the judgment she wants vacated is void. She argues in large part that this Court's orders are void because they were—in her view—wrongly decided. *See, e.g.*, Pl.'s Mot. Vacate and Change Venue at 25–28. She also attacks the appellate affirmances of this Court's orders as void due to conflicts of interests. *See, e.g.*, *id.* at 12, 14. But an order is not void merely because it was "erroneous." *SEC v. Bolla*, 550 F. Supp. 2d 54, 58 (D.D.C. 2008). An order is void "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United States v. Phillip Morris USA Inc.*, 840 F.3d 844, 850 (D.C. Cir. 2016) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)). Shao alleges no jurisdictional error. *See* Pl.'s Mot. Vacate and Change Venue at 11 ("[T]his court does have subject matter jurisdiction . . . ."). And although judicial bias is the kind of due process violation that could make an order void, Shao has not shown that a reasonable observer would question the impartiality of the undersigned judge or that of the appellate judges that have reviewed her case. *See Shao*, 2019 WL 249855, at *4–5 (denying Shao's motion to disqualify the undersigned judge). Her only evidence of bias are

5

unsubstantiated claims of a judicial conspiracy and qualms with the judges' legal decisions, but neither of those kinds of evidence can impugn a judge's presumed impartiality. *See Walsh v. Comey*, 110 F. Supp. 3d 73, 77 (D.D.C. 2015) (explaining that a judge need not recuse himself when a party alleges a judicial conspiracy but offers "no facts that would fairly convince a sane and reasonable mind to question [the court's] impartiality"); *Ramirez v. Dep't of Just.*, 680 F. Supp. 2d 208, 211 (D.D.C. 2010) ("[A] judge's legal decisions generally are not sufficient grounds to substantiate a claim of bias or impartiality.").

Finally, no "other reason . . . justifies relief." *See* Fed. R. Civ. P. 60(b)(6). Shao says that the Court should vacate its judgment under Rule 60(b)(6) because the Supreme Court was unable to evaluate the substance of her appeal. Pl.'s Mot. Vacate and Change Venue at 12–14. The Supreme Court declined to disturb her complaint's dismissal after determining it lacked a quorum because many of the Justices recused themselves. *See Shao*, 141 S. Ct. 951. A court should vacate a judgment under Rule 60(b)(6)'s catch-all provision "only in 'extraordinary circumstances.'" *Kramer v. Gates*, 481 F.3d 788, 791 (D.C. Cir. 2007) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). Some circumstances that fit the bill include those that "essentially made the decision not to appeal an involuntary one," an attorney's gross negligence, and "[w]hen a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust." *Salazar v. District of Columbia*, 633 F.3d 1110, 1121 (D.C. Cir. 2011) (citations omitted). In addition, the party invoking Rule 60(b)(6) must make a "compelling showing of inequity or hardship." *Id.* at 1120 (quoting *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1140 (D.C. Cir. 1980)). Shao has neither explained how the circumstances of her case are extraordinary nor compellingly shown inequity or hardship. She received fair appellate review from the D.C. Circuit. And given that a

small minority of those who seek Supreme Court review receive it, one can hardly say that the Supreme Court's nonengagement with the merits of Shao's appeal was "extraordinary." The circumstances were a little unusual in that many of the Justices did not participate in the decision, but that was Shao's own doing—she was the one who named the Justices as defendants. In short, Shao has not cleared the "very high bar to obtain relief under Rule 60(b)(6)." *See Kramer*, 481 F.3d at 792.

The Court rejects Shao's latest attempt to relitigate her case. She has had her day in court and then some. If Shao files more baseless motions to revisit already-decided questions, she will face sanctions. *See McLaughlin v. Bradlee*, 602 F. Supp. 1412, 1417 (D.D.C. 1985) ("The imposition of sanctions is one of the few options available to a court to deter and punish people who relitigate cases hopelessly foreclosed."), *aff'd*, 803 F.2d 1197 (D.C. Cir. 1986).

### III.  CONCLUSION

For the foregoing reasons, Shao's motion to vacate judgment and change venue (ECF No. 161) is **DENIED** and Shao's motion to strike and for sanctions (ECF No. 165) is **DENIED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: August 30, 2021                                                                                                  RUDOLPH CONTRERAS
                                                                                                                                          United States District Judge